COOLEY GODWARD KRONISH LLP
CHRISTOPHER J. SUNDERMEIER (SBN 166126)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Plaintiff
SEARCHREV, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEARCHREV, LLC,
a California limited liability company,

Plaintiff,

v.

TECHMEDICA HEALTH, INC.,
a Michigan corporation, and DOES
1 through 5, inclusive,

Defendants.

Case No.

**COMPLAINT FOR**

**BREACH OF CONTRACT**

Plaintiff SEARCHREV, LLC ("SearchRev.") alleges as follows:

1.  SearchRev, LLC is the successor entity to SearchRev, Inc.. SearchRev LLC is a California limited liability company with its principal place of business in San Francisco, California.

2.  Defendant Techmedica Health, Inc. ("Techmedica") is, and at all times relevant hereto was, a Michigan corporation with its principal office at Grand Rapids, Michigan.

3.  The true names and capacities of defendants DOES 1 through 5, inclusive, are unknown to SearchRev who sues these defendants by these fictitious names. SearchRev will seek leave of Court to amend this Complaint to allege their true names and capacities when

ascertained. SearchRev is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint, and that the injuries and damages alleged in this Complaint were proximately caused by the conduct of these fictitiously named defendants.

4. SearchRev is informed and believes and on that basis alleges that defendants, and each of them, were the agents, servants, and/or employees of their co-defendants, and in doing the things hereinafter alleged, were acting in the scope of their authority as such agents, servants and/or employees, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. As alleged above, SearchRev is, and at all times material hereto was, a citizen of the State of California. Techmedica is, and at all times material hereto was, a citizen of the State of Michigan. Thus, complete diversity of citizenship exists.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000. The case arises out of a contract between the parties under which SearchRev was to provide certain services to Techmedica. Venue is proper in the Northern District of California, under Title 28, United States Code, Section 1391(a)(3) because Techmedica agreed to jurisdiction and venue in San Francisco, and because Techmedica had extensive contacts with the State of California and this judicial district, has caused their products to be advertised, promoted and sold in this judicial district; the causes of action asserted in this Complaint arose out of Techmedica contacts with this judicial district, including its contract with SearchRev; and Techmedica does business in this district. In addition, the Agreement at issues was entered into in this district by SearchRev, SearchRev performed the services under the Agreement in this district, and SearchRev received payments in this district.

769735 v1/PA

2.

COMPLAINT FOR BREACH OF CONTRACT

## FIRST CLAIM FOR RELIEF
### Breach of Contract

8. SearchRev incorporates paragraphs 1 through 7 of this Complaint by reference as though fully set forth herein.

9. On or about January 31, 2007, SearchRev and Techmedica entered into the Precision View Tool Services Agreement (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

10. The Agreement, among other things, requires payment by Techmedica of certain fees in exchange for services rendered as described more fully in Appendix A of the Agreement.

11. On or about August 30, 2007, Techmedica improperly attempted to terminate the Agreement for cause. Techmedica had the right to terminate the Agreement for convenience with 60 days notice, but Techmedica did not terminate the Agreement on such grounds. SearchRev did not receive notice of Termination for convenience until October 26, 2007, which, at best, effectively terminated the Agreement as of December 25, 2007.

12. At the time that Techmedica attempted to terminate the Agreement, and at all times since then, Techmedica has owed SearchRev certain payments for services rendered under the Agreement. Techmedica, however, has failed and refused to make the payments owed.

13. On or about November 21, 2007 and on January 28, 2008, SearchRev sent Techmedica letters demanding payment of the unpaid fees. To date, Techmedica continues to fail and refuse to make the payments that are due and owing.

14. Techmedica has breached the Agreement by, among other things, failing to the make fee payments as required.

15. SearchRev has performed all of its obligations under the Agreement, except those for which performance has been excused as a result of Techmedica's conduct.

16. As a direct and proximate result of Techmedica's breaches of the Agreement, SearchRev has sustained damage in an amount to be proven at trial, but in excess of the $160,000

17. Whereas, the Agreement provides at section 18 that the prevailing party in an action to recover for breach of the Agreement shall be entitled to recover its attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** SearchRev seeks judgment as follows:

1. For compensatory damages in an amount to be proven at trial, but in excess of the jurisdictional limits of this court;
2. For prejudgment interest;
3. For reasonable attorneys' fees and costs;
4. For such other and further relief as this Court deems just and proper.

Dated:  March 17, 2008

COOLEY GODWARD KRONISH LLP

_____
Christopher J. Sundermeier
Attorneys for Plaintiff
SEARCHREV, LLC.

769735 v1/PA

4.

COMPLAINT FOR BREACH OF CON

| | |
|---|---|
| 1 | JURY DEMAND |
| 2 | Plaintiffs request a trial by jury of all matters so triable. |

Dated: March 17, 2008                         COOLEY GODWARD KRONISH LLP

_____
Christopher J. Sundermeier
Attorneys for Plaintiff
SEARCHREV, LLC.

# EXHIBIT A

SearchRev Precision View Tool License Agreement

# SEARCHREV
## PRECISION VIEW TOOL SERVICES AGREEMENT

THIS ASP TOOL SERVICES AGREEMENT (the "Agreement") is made as of this _31_ day of _Jan_, 2007 (the "Effective Date") by and between *SearchRev, Inc.*, a California corporation ("*SearchRev*") and _Techmedica Health_, a _Michigan_ corporation ("*Client*").

### RECITALS

SearchRev has developed and owns the Precision View Software Tool, a web-based, advertising optimization software program, that may be used by Client to create, manage, track and optimize effective on-line search advertising campaigns;

Client wishes to create, manage, and track its own search advertising campaigns using the Precision View Software Tool; and

SearchRev wants to provide the Precision View Software Tool and related services to Client under the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the parties hereto agree as follows:

1. **Description of Services.** Subject to the terms and conditions contained in this Agreement, SearchRev agrees to furnish to Client the services ("Services") that are described in Appendix A to this Agreement, attached hereto and incorporated herein by this reference, and Client agrees to retain SearchRev to perform the Services.

2. **Term.** The term of this Agreement shall begin on the Effective Date and shall continue for a period of twenty-four months, unless terminated earlier pursuant to Section 8 in Appendix B. Thereafter, the term will automatically renew for successive one-month terms unless either party provides notice to the other party of its desire to terminate this Agreement in accordance with Section 8 in Appendix B.

3. **License.** SearchRev grants to Client a nonexclusive, revocable, nontransferable right to use the Precision View Software Tool for the limited and specific purpose of creating, managing, and tracking its own search advertising campaigns. Client shall access the SearchRev server and the Precision View Software Tool through SearchRev's Web site by way of a unique username and password.

4. **Fees.** During the term of this Agreement, Client will pay the fees to SearchRev as set forth in Appendix A.

5. **Standard Terms and Conditions.** The parties agree that this Agreement is subject to the standard terms and conditions which are described in Appendix B, attached hereto and incorporated herein by this reference.

6. **Acknowledgment of Understanding – Entire Agreement.** Client acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and conditions. Client also agrees that this Agreement, including the attached Appendices, is the complete and exclusive

Deleted: 1/30/2007

SearchRev Confidential          1/31/2007

877-389-1555
To: Jeff

SearchRev Precision View Tool License Agreement

statement of the agreement between SearchRev and Client and supersedes all proposals, representations, letters of intent or prior agreements, oral or written, and any other communications between the parties relating to the subject matter of this Agreement. This Agreement may not be amended, except by an agreement in writing which is signed by authorized representatives of the parties.

In Witness Whereof, the parties have agreed to the terms of this Agreement as of the Effective Date.

SEARCHREV, INC.                              Client
By: _____                        By: _Tony Pham, President_
Printed Name: Jim Vetter                     Printed Name: _Tony Pham_
Title: Director of Sales                     Title: _President_

1804 Embarcadero Road, Suite 200             Address: _3854 Broadmoor Ave, Suite 101_
Palo Alto, CA 94303                          City, State, Zip: _Grand Rapids MI 49512_
Fax: 877-389-1555                            Fax: _443-269-0377_

Date: _1/31/07_                              Date: _1/31/07_

SearchRev Precision View Tool License Agreement

## APPENDIX A

I. **SOFTWARE, SERVICES AND FEES.**

### Software & Services Description

| Use of Precision View Software Tool version 2.0 and subsequent updates. |
|---|
| • Precision View Software Tool hosting and support at SearchRev's facilities or data center. <br> • Training and initial setup services to launch first campaign. <br> • Periodic software maintenance releases and upgrades <br> • 10 hours of support per month from SearchRev. Any support beyond 10 hours in a given month will be billed at $125.00 per hour |

**Fees**

Setup and Training Fee: $10,000.00 - The Setup and Training Fee is payment for the initial Client training, campaign setup, management and optimization. Training & setup fee as well as the first month's Service Fee shall be due sixty (60) days from the execution date of this Agreement.

Service Fees shall include a monthly base service fee in accordance with the following schedule:

| Month 1 | $2,500 |
|---|---|
| Month 2 | $12,000 |
| Month 3 | $14,000 |
| Month 4 | $16,000 |
| Month 5 | $18,000 |
| Month 6 and Beyond | $20,000 |

In addition, a variable fee shall be due each month. This variable fee will be calculated as a percentage of the media spend managed by the Service. The variable portion of the fee shall be 1% of the media expenditure per month.

Tracking System:

SearchRev recommends that Client use SearchRev's tracking system, named Precision ROI. The SearchRev Precision ROI system is used to track the number ad clicks across ad networks and page views, conversions, and revenue related to those ad clicks. Precision ROI uses JavaScript and cookies to send data from the user's browser and the clients HTML page back SearchRev. The data is used by SearchRev for optimizing advertising campaigns.

If Client requires that a tracking system other than Precision ROI is used, there will be a setup fee based on complexity of integration. Hourly rate is $100.00 per hour. After the integration is complete, there will be an ongoing $250 per month charge for uploading the Client's tracking data into SearchRev's Precision View

SearchRev Confidential                    A-1                              8/3/2006

SearchRev Precision View Tool License Agreement

## II.  PAYMENT.

Net 60 Day billing terms are extended solely to the training & setup fee as well as month one's Service Fee. Terms of Payment are Net 30 Days for the duration of this agreement.

Client agrees to pay a late charge in the amount of one and one-half percent (1.5%) per month, or the highest interest rate permitted by law, whichever is lower, on the undisputed unpaid balance of any invoice from SearchRev beginning from the 30th day after the date of such invoice ("Due Date"). In the event of any good faith dispute regarding an amount due on an invoice, Client agrees to identify the actual details of the invoice that Client is disputing within fifteen (15) days after Client's receipt of such invoice, and shall pay on schedule all such amounts that are not identified or specified by Client. Client and SearchRev shall work in good faith to resolve the disputed amount.

Client shall be responsible for the payment of all taxes and other governmental changes imposed as a result of this Agreement, except for any tax based on SearchRev's net income.

## APPENDIX B
## STANDARD TERMS AND CONDITIONS

1. **Ownership of Software, Data and Information Related to the Services.**

   (a) Client shall not acquire any intellectual property rights in the Precision View Software Tool by virtue of this Agreement, including, but not limited to, patent, copyright, trademark or trade secret. There are no implied rights. The Precision View Software Tool (including any derivative works or copies thereof), is owned by SearchRev and is protected by United States copyright and patent laws and international treaty provisions. Client may not copy, reverse engineer, reverse compile, reverse assemble, download, transmit or otherwise transfer the Precision View Software Tool in any format or through any means of communication. SearchRev hereby reserves all rights not explicitly granted in this Agreement.

   (b) Client shall own all right, title and interest in and to all keywords, creative content, reports and tracking data generated by Client using the Precision View Software Tool, all such information shall be deemed Confidential Information

   (c) Client will use the Precision View Software Tool and any other SearchRev Confidential Information (as defined below) only in accordance with the conditions, rules, and regulations as may be established or specified by SearchRev from time to time and as may be set forth in any manuals, material, documents, or instructions furnished to Client by SearchRev ("SearchRev Guidelines") In the event of a conflict between the SearchRev Guidelines and this Agreement, the terms of this Agreement shall control. Client shall not disclose any of SearchRev's Confidential Information except to its own authorized employees, officers, or agents, or to persons specifically authorized by SearchRev.

2. **Equipment.**

   The Services provided by SearchRev do not include equipment, facilities or devices for the transmission or receipt of the Services by Client. Client will, at its own expense, procure and obtain any and all necessary equipment and supplemental services necessary for such transmission or receipt, including without limitation, terminals, personal computers and telecommunications facilities in accordance with SearchRev's requirements.

3. **Changes.** SearchRev reserves the right, without prior notice, to make changes in accessibility periods, type of terminal equipment, telecommunications facilities, and components used to deliver the Services.

4. **Remedies.** Except as otherwise provided for herein, no remedy conferred by any of the specific provisions of this Agreement or available to a party is intended to be exclusive of any other remedy, and each and every remedy shall be cumulative and shall be in addition to every other remedy given hereunder, now or hereafter existing at law or in equity or by statute or otherwise. The election of any one or more remedies by either party shall not constitute a waiver of the right to pursue other available remedies.

Client
SearchRev Confidential                 B-1                              8/3/2006

5.   **Independent Contractor.** The parties acknowledge and agree that SearchRev is an independent contractor. This Agreement shall not create the relationship of employer and employee, a partnership, or a joint venture between SearchRev and Client. Client shall not control or direct the details and means by which SearchRev performs the Services.

6.   **Confidentiality.**

(a)   During the term of this Agreement, either party may receive information that is proprietary and confidential to the other regarding the business and affairs of the other party, (all such information being referred to collectively as the ("Confidential Information"). The terms of this Agreement will also be deemed to be Confidential Information. Information shall be considered Confidential Information if identified as Confidential Information herein or which by its nature is normally and reasonably considered confidential, such as information related to past, present or future research, development or business affairs, financial information, media spend information any proprietary products, materials or methodologies, or any other information which provides the disclosing party with a competitive advantage. The receiving party shall protect the disclosing party's Confidential Information with the same degree of care that it regularly uses to protect its own Confidential Information from unauthorized use or disclosure, but in no event less than a reasonable degree of care. Confidential Information shall not be provided or disclosed to anyone except those employees of the receiving party with a need to know under this Agreement. No rights or licenses under patents, trademarks or copyrights are granted or implied by any disclosure of Confidential Information. Confidential Information and any and all authorized copies thereof shall remain the property of the disclosing party and shall be destroyed or returned if requested by the disclosing party. The receiving party shall not export Confidential Information without the appropriate United States or foreign government export license. This Section 6 shall survive the expiration or termination of this Agreement. The Campaign Structure used by SearchRev's Precision View Tool is proprietary and confidential and can not be used without the license of Precision View.

(b)   The obligations of confidentiality imposed by this Section 6 shall not apply to any Confidential Information that: (i) information that is or becomes public knowledge or enters the public domain through a source other than the recipient and through no fault of recipient, (ii) information independently developed by or for the recipient, (iii) information that was known by a party prior to commencement of discussions regarding the subject matter of this Agreement, as evidenced by written documentation bearing a date prior to the date of disclosure, or (iv) is approved for release in writing by an authorized representative of the disclosing party, or (v) information that is required to be disclosed by applicable law, the laws of a securities market or exchange or at the direction of a court or governmental body; provided however, that the disclosing party shall use reasonable efforts to give the other party a reasonable opportunity to intervene in order to prevent such disclosure or to obtain a protective order, and that any Confidential Information so disclosed otherwise remains subject to the confidentiality obligations set forth in this Section.

7.   **Injunctive Relief.** Both parties acknowledge that the other shall suffer irreparable harm in the event that either party breaches any of its obligations under this Agreement and that monetary damages shall be inadequate to compensate the other party for such breach. Accordingly,

both parties agree that, in the event of a breach or threatened breach by the other party of any of the provisions of this Agreement, the non-breaching party, in addition to and not in limitation of any other rights, remedies or damages available to the non-breaching party at law or in equity, shall be entitled to a temporary restraining order, preliminary injunction and permanent injunction in order to prevent or restrain any such breach by the other party.

**8.  Termination.**

(a)  Either party may suspend performance and/or terminate this Agreement if the other party materially breaches any term or condition of this Agreement and fails to cure that breach within fifteen (15) days after receiving written notice of the breach. Beginning in the third month following the Effective Date, either Party may terminate this Agreement by providing written notice to the other party at least sixty (60) days prior to termination.

(b)  Upon the termination of this Agreement for any reason (i) all license rights granted herein shall terminate, and (ii) Client shall immediately pay to SearchRev all undisputed amounts due and outstanding as of the date of such termination.

(c)  In the event of any termination or expiration of this Agreement for any reason, Appendix B, Sections 1, 4, 6 through 12 and 14 through 18 shall survive termination.

**9.  SearchRev Limited Warranty, Disclaimer of Warranties and Limitations of Remedy and Liability.**

(a)  The Services will meet, at a minimum, the quality of similar Services provided to other Clients of SearchRev. SearchRev will use reasonable efforts to maintain the overall quality of the Precision View Software Tool and the Services consistent with general standards in the industry. SearchRev may, in its sole discretion, provide Client with updates and upgrades to the Precision View Software Tool at no additional cost to Client, if and when such updates and upgrades become available. In the event there is a problem with any transmission quality or functionality in the Services, SearchRev will reasonably cooperate with Client to attempt to remedy the problem. TO THE EXTENT PERMITTED BY APPLICABLE LAW AND EXCEPT AS PROVIDED IN THIS SECTION, SEARCHREV IS PROVIDING THE SERVICES "AS IS," WITHOUT WARRANTY OR REPRESENTATION OF ANY KIND. SEARCHREV DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT AND FITNESS FOR A PARTICULAR PURPOSE.

(b)  SearchRev shall use commercially reasonable efforts to keep the Services to be used by Client operative during normal business hours, which are Monday through Friday, 8 A.M. to 5 P.M, Pacific Standard Time, or Pacific Daylight Time, as applicable.

(c)  Any dates given by SearchRev to Client for the commencement or provision of the Services are SearchRev's best estimate only.

(d)  Client recognizes that the Internet consists of multiple participating networks which are separately owned and therefore are not subject to the control of SearchRev

Client also recognizes that SearchRev's ability to provide Services to Client depends on Internet services provided to SearchRev. Malfunction of or cessation of Internet services by ISPs or of any of the networks which form the Internet may make resources Client wishes to use temporarily or permanently unavailable. CLIENT AGREES THAT SEARCHREV SHALL NOT BE LIABLE FOR DAMAGES INCURRED OR SUMS PAID WHEN INTERNET SERVICES ARE TEMPORARILY OR PERMANENTLY UNAVAILABLE DUE TO MALFUNCTION OF, OR CESSATION OF INTERNET SERVICES BY, NETWORK(S) OR ISPS NOT SUBJECT TO CONTROL OF SEARCHREV, OR DUE TO ANY ACCIDENT OR ABUSE BY A CLIENT. EXCEPT IN CONNECTION WITH A BREACH OF SECTION 6 AND/OR 10, SEARCHREV'S ENTIRE LIABILITY, AND CLIENT'S EXCLUSIVE REMEDY FOR DAMAGES WILL BE LIMITED TO CLIENT'S DIRECT, ACTUAL DAMAGES, NOT TO EXCEED THE TOTAL COMPENSATION PAID BY CLIENT TO SEARCHREV UNDER THIS AGREEMENT FOR THE ONE MONTH PERIOD PRECEDING THE DATE THE CAUSE OF ACTION FIRST AROSE. EXCEPT IN CONNECTION WITH A BREACH OF SECTION 6 AND/OR 10, IN NO EVENT SHALL SEARCHREV BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES, UNDER CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHER LEGAL THEORY, REGARDLESS OF THE CAUSE OF ACTION AND EVEN IF SEARCHREV HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. SEARCHREV IS NOT LIABLE FOR MEDIA SPEND FROM CAMPAIGN ERRORS OF ANY KIND.

10.  **General Indemnity.** Each party will indemnify and hold the other party, its affiliates, and their respective employees, representatives, agents, affiliates, directors, officers, managers and shareholders (the "Indemnified Parties") harmless from any damage, loss, cost or expense (including without limitation, reasonable attorneys' fees and costs) incurred in connection with any third-party claim, demand or action ("Claim") brought against any of the Indemnified Parties insofar as such Claim alleges facts or circumstances: (i) that would constitute a material breach of this Agreement, or (ii) that the Indemnifying Party's intellectual property infringes a third party's intellectual property, proprietary or other rights. If a party (the "Indemnifying Party") is obligated to provide indemnification hereunder, the other party (the "Indemnified Party") may, in its sole and absolute discretion, control the disposition of any Claim at Indemnifying Party's sole cost and expense. Without limitation of the foregoing, Indemnifying Party shall not settle, compromise or in any other manner dispose of any Claim without the consent of the Indemnified Party.

11.  **Assignment.** This Agreement may not be assigned by either party without the prior written consent of the other, which consent shall not be unreasonably withheld, provided however, that no consent of the other party is required in connection with an acquisition or merger of either party, under which the surviving entity after such acquisition or merger agrees to accept all obligations of the merged or acquired party under this Agreement. This Agreement shall be binding on successors and permitted assignees of the parties.

12.  **Notices.**

(a)   All notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given if delivered personally or by private courier to a party or if mailed by registered or certified mail addressed to the notice address

below. Such addresses may be changed by notice given by one party to the other pursuant to this Section or by other form of notice agreed to by the parties.

If to Company:

SearchRev, Inc.
Eduardo F. Llach
1804 Embarcadero, Suite 200
Palo Alto, CA, 94301

If to Client:

Tony Pham
38354 Broadmoor Avenue S.E.
Suite 101
Grand Rapids, MI. 49512

    **(b)**    Client shall notify SearchRev within five days, at SearchRev's notice address, of any notices served on Client that might adversely affect SearchRev, including but not limited to notices of any claims or proceedings that involve the Website or any of SearchRev's Services. Client shall also promptly notify SearchRev, at its notice address, of any errors, "bugs," or problems with the Website or with SearchRev's Services of which Client becomes aware.

    **13.**    **Publicity.** Client hereby grants SearchRev during the term of this Agreement a non-exclusive, royalty-free, worldwide license to use, reproduce, and publicly display Client's name and any logos, or graphics related to Client's name, for the purpose of promoting SearchRev's Web site and products, provided that SearchRev receives Client's prior written approval for each proposed use. Client further agrees to participate in a joint press release and a case study within 5 months of the launch of this Agreement.

    **14. Force Majeure.** Notwithstanding any other provision of this Agreement, neither party shall be deemed in default or breach of this Agreement, or liable for any loss or damages or for any delay or failure in performance (except payment obligations), due to equipment malfunction, acts of God, civil or military authority, acts of public enemy, acts of terrorists, war, accidents, fires, explosions, earthquakes, strikes, labor disputes, electric failures, communications failures, or any cause beyond its reasonable control.

    **15.**    **Waiver of Breach.** The waiver of any breach under this Agreement by a party hereto shall not operate or be construed as a waiver of any subsequent breach by such party.

    **16.**    **Severability.** If any provision of this Agreement is invalid or unenforceable in any jurisdiction, the other provisions herein shall remain in full force and effect in such jurisdiction and shall be liberally construed in order to effectuate the purpose and intent of this

Client
SearchRev Confidential        B-5        8/3/2006

Agreement, and the invalidity or unenforceability of any provision of this Agreement in any jurisdiction shall not affect the validity or enforceability of any such provision in any other jurisdiction.

17. **Applicable Law.** This Agreement shall be governed by and construed under the laws of the State of California. The parties agree that San Francisco County, in the State of California, shall be the proper forum for any action, including arbitration, if any, brought under this Agreement. Client agrees to accept personal jurisdiction of the courts of such County for purposes of this Agreement.

18. **Attorney's Fees.** In the event any action is brought to enforce any provision of, or declare a breach of this Agreement, the prevailing party shall be entitled to recover, in addition to any other amounts awarded, reasonable legal costs including attorney's fees incurred thereby.

19. **Remedies.** Except as otherwise provided for herein, no remedy conferred by any of the specific provisions of this Agreement or available to a party is intended to be exclusive of any other remedy, and each and every remedy shall be cumulative and shall be in addition to every other remedy given hereunder, now or hereafter existing at law or in equity or by statute or otherwise. The election of any one or more remedies by either party shall not constitute a waiver of the right to pursue other available remedies.